YEAZILL v. STATE.

**1.** LEGISLATURE MAY SELECT STANDARD MEASURES.

It is within the power of the legislature, in order to prevent fraud and imposition, to provide that in the purchase and sale of wheat, but one standard measure shall be used; and to select as that standard measure the United States standard half-bushel. To this extent, the legislature has power to regulate the purchase and sale of wheat.

**2.** CLASS LEGISLATION MUST BE BASED UPON REASON.

Whenever a burden is placed upon persons or a class of persons, or whenever a privilege or protection is given to persons or to a class of persons, to the exclusion of others, it must be based upon some existing distinction or reason not applicable to persons not within its provisions.

**3.** UNEQUAL AND UNCONSTITUTIONAL CLASSIFICATION.

It is not a proper classification to provide that producers of wheat shall alone be protected in the purchase thereof. Therefore, the act of March 1, 1894, 91 O L., 47 (now sec. 4439-1, Rev Stat.), providing that the standard half-bushel measure shall be used in purchasing or receiving wheat from the original producer, to the exclusion of all other dealers in wheat, is in its terms unequal and does not apply uniformly to all citizens. It is, therefore, unconstitutional.

ERROR to the Court of Common Pleas of Clark county.

Plaintiff in error cited: Section 1, Bill of Rights; sec. 2, part 4, Con . U. S.; sec. 1, 14 Amend. Con. U. S.; Richie v. People, 40 N. E. 455; Coal Co. v. Rosser, 53 Ohio St., 12; Palmer & Crawford v. Tingle, 55 Ohio St., 442; Wh. Br. & T. Ry. Co. v. Gilmore, 4 Circ. Dec.

366; Young v. Lion Hdw. Co., 55 Ohio St., 423; Flatau v. Mansfield, 7 Circ. Dec., 39; Sipe v. Murphy, 49 Ohio St., 537; re Grice, 79 Fed. Rep., 628; Hoefling v. San Antonio, 20 S. W., 85; State v. Florer, 31 N. E., 395; Gulf Co. v. Ellis, 165 U. S., 154; Middletown v. Middletown, 35 Alt., 1065; Cooley Consti. Lim. (5th Ed.), 391; Low v. Printing Co., 59 N.W., 346-362; Plymouth v. Schulthers, 35 N. E., 14; Ex'parte Kudack, 85 Cal., 274, 24 Pac., 737; United States v. Morris, 39 U. S. (14 Pet.), 464; Lup v. Ry. Co., 25 S. W., 75; Millett v. People, 7 N. E., 635; re Yot Sang, 75 Fed. Rep., 985; Tacoma v. Kreech, 46 Pac. Rep., 985, 256; Ho Ah Know, 12 Fed., Cases, 256; State v. Loomis, 115 Mo., 327, 22 S. W., 350; Stickney on State Control of Trade & Commerce, 152, and Equal Rights of Buyer and Seller, 144-145.

Defendant in error cited: 3 Am. & Eng. Ency. Law, 689 695, 697; State v. Nelson, 52 Ohio St., 97; 20 Iowa, 338; 16 Nev., 432; 35 Cal., 198; 16 Wis., 398; 29 Am. & Eng. Ency. Law, 50-56; Rex v. Arnold, 5 T. R., 353; Eaton v. Kegan, 113 Mass., 434; Wheeler v. Russel, 7 Mass., 253; Peel Splint Coal Co. v. W. Va., 17 L. R. A., 385; Weller v. State, 53 Ohio St., 90; Secs. 7067, 7071, 7069-5, 4442, Rev. Stat.

The plaintiff in error was indicted in the court below for the use of a measure other than the standard half-bushel, for the purpose of ascertaining the weight of wheat and the value thereof. Upon this indictment, a jury was waived, and an agreed statement of the facts prepared and submitted to the court, upon which the defendant was found guilty and fined the sum of $25.00 and costs. A demurrer had been filed to the indictment, which was overruled, and judgment was entered upon the finding of the court. Error is prosecuted to reverse the judgment below, for overruling the demurrer to the indictment, on the ground that the statute under which the defendant was indicted and convicted is unconstitutional.

The law under which the defendant was indicted, and the section of the law defining the crime, was enacted on March 1, 1894, 91 O. L., 47. (Now sec. 4439-1, Rev. Stat.—Editor.) The first section is as follows:

"Be it enacted by the general assembly of the state of Ohio, that it shall be unlawful for any person, commission merchant, miller, dealer, grain inspector, corporation, company, firm, or association, either by himself, itself, officer, agent, or employee when purchasing or receiving in barter or exchange for flour or otherwise, from the original producer, his agent or employee, to use for the purpose of testing or determining the weight, grade, milling or market value of wheat, any measure other than the standard half-bushel furnished this state by the United States; and the use of any fractional part of said standard half-bushel measure for such purpose will be a violation of this section."

It was claimed that the law was invalid for indefiniteness in its terms; and not capable of application, because the subject of the purchase is not expressed in the act. The court held that while the syntax is not the best, the law was sufficiently clear that wheat is meant, the purchasing of which, and the testing the value of which, by any other measure than the half-bushel is prohibited. It was further contended that the law was unconstitutional and that it was class legislation, that it invades the liberty of the citizens, and deprives the citizens of property rights without due process of law, and of the equal protection of law.

WILSON, J.

The value of wheat is determined by its grade, and the rules of grading are so arbitrary in their nature, that it seems to us the legislature in its wisdom may conclude that wheat, apart from other grains in commerce, is a proper subject for legislative control, and it may be said also that we think it is within the province of the legislature to determine how its purchase and sale may be controlled, so that they do not contravene any rights of the public. It was competent for the legislature to determine that, in order to prevent fraud and imposition, but one standard should be used in the test, and a standard containing the quantity of a half-bushel might be selected, as the best and surest test of the weight, and the value of the grain, so that in this regard we concede to the legislature the power to regulate the purchase and sale of wheat.

It is argued, however, that this law is unconstitutional, for the reason that it invades the liberty of the citizen, and deprives the citizen of property rights by due process of law, and of the equal protection of the law.

These paternal legislative acts have been considered variously by the courts of the various states of the Union. We have examined a large number of cases considering the different acts, and we find that in them all, whatever the differences there may be in the opinions of the courts in other respects, this principal is universally recognized, that whenever a burden is placed upon persons, or a class of persons, or whenever a privilege or protection is given to persons or class of persons, to the exclusion of other persons, it must be based upon some existing distinction or reason not applicable to the persons not within its provisions.

This act, if we grant it to be properly passed for the purpose of preventing an imposition or fraud in the purchase of grain, is made to protect the producer of wheat, to the exclusion of all other dealers in wheat. Now, what reason, what distinction is there applicable to the producer of wheat that does not apply to any other person who deals in wheat?

In answer to this question it is argued by the defendant in error, that the other persons who deal in wheat are the millers or shippers, who have a peculiar business knowledge with reference to wheat and the value of wheat, which exempts them from the necessity of the protection of the law, in this regard. But millers and shippers, other than producers, are not the only persons who buy wheat. Wheat is sold at sheriffs' sales and constables' sales and executors' and administrators' sales; any person may buy it. It is taken for debt, and any person may take it from the producer. A man is not necessarily a shipper or miller because he buys wheat. There are innumerable reasons why he may not want to buy wheat from the producer, and why he may not want to sell wheat, and not want to ship it after he has bought it. We cannot deny to any citizen in the state the right to buy and sell wheat whenever he sees fit. Therefore, if he has the right to do so, and it is necessary to protect him when he sells it, from fraud and imposition, whether he be a purchaser of wheat or not, he is entitled to the same protection that is extended by the law to the producer.

There is no reason why the farmer should be granted express legislation and tutelage, or why he should be made a ward of the state, or protected in his dealings as an infant, or as a married woman was at one

time. It is a reflection upon his intelligence and business capacity, to select him out of the community and say that his weakness is such that the law will throw around him protection, which will prevent imposition when he wants to sell a bushel of wheat. It could not give that protection to a merchant to protect his goods, or the miller to protect his wheat when the farmer wants to buy it from the miller for seed. We think that the law in its terms is unequal, that it does not apply uniformly to all the citizens in the state, and there is no reason or sense in the classification which the statutes make; that it is not proper classification to say that the producer of wheat alone shall be protected in the purchase of wheat, and for that reason we think that the law is unconstitutional. It may be that a close analysis of this question would disclose that the law has infringed upon rights in other respects, but we hold that the law under which this defendant was indicted and convicted is unconstitutional. It is not the law of the land, and the conviction, therefore, is against the law of the land.

The judgment of the court below will be reversed, and the demurrer to the indictment will be sustained, and the defendant will be discharged.

Oscar T. Martin, for plaintiff in error.

Horace W. Stafford, prosecuting attorney, for defendant in error.